

# In the Court of Criminal Appeals of Texas

No. WR-72,123-03

EX PARTE KIP LEE BENTON,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 29901CR-C in the 40th District Court
Ellis County

YEARY, J., filed a dissenting opinion.

In this subsequent post-conviction application for writ of habeas corpus, Applicant alleges for the first time that the theory upon which his conviction for *aggravated* sexual assault depends was not included in the penal provision under which he was prosecuted as of the date of the charged offenses. Because we do not have a transcript of trial, we do

not know for certain that the State's evidence did *not* establish, as alleged, that the offenses occurred "on or about" the charged dates, but nevertheless *after* the new theory of aggravation was added to the penal provision. Dissenting Opinion at 5–6. For that reason, I too believe that Applicant has failed to show facts that would entitle him to relief.

I have elsewhere taken the position that an initial post-conviction habeas applicant "who can demonstrate that he is 'actually innocent' in an absolute sense" should be able to obtain relief—even if he remains guilty of a lesser-included offense—in an initial post-conviction application for writ of habeas corpus. *Ex parte Warfield*, 618 S.W.3d 69, 74 (Tex. Crim. App. 2021) (Yeary, J., concurring). By actually innocent in "an absolute sense," I meant it is clear that, under the prevailing penal provision at the time of conviction, the applicant's conduct simply did not elevate his conviction to the greater offense, as a matter of *law*.

In *Warfield*, we had not yet construed the statute at the time of conviction, but as we construed it later, it became apparent on the undisputed facts that the applicant had committed only a third-degree felony, not a felony of the second degree. *Id*. at 72. Here, Applicant alleges that the relevant change in law was prospective only, and could not have applied to his conduct, which allegedly occurred "on or about" dates which preceded the statutory change. That would also constitute "actual innocence" in an "absolute sense" in my book, were the facts to bear it out.

Had Applicant raised this claim in an initial application for writ of habeas corpus, then, and had he presented evidence to show that the State in fact could only prove conduct on his part that preceded the

statutory change, I would not hesitate to grant him some kind of relief today. But I need not address whether Applicant should be able to raise such a claim for the first time in a *subsequent* writ application, since he has not been able to prove the claim in any event. Suffice it to say that I remain at least open to the possibility that, had he been able to establish a factual basis for his claim today, he would be authorized to raise it in a subsequent writ application under the auspices of Section 4(a)(2) of Article 11.071, on the theory that his conviction not only violated due process, but also that, by even *more* than a preponderance of the evidence, no rational jury could have found him guilty of the *aggravated* offense beyond a reasonable doubt (or by any other level of confidence, for that matter). TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2). Unlike Presiding Judge Keller, I would leave that question for another day.

That said, I am certainly inclined to agree with Presiding Judge Keller, for the reasons she gives, that even if Applicant were entitled to *some* relief, the Court grants him too much. Courts of appeals are authorized to reform trial court judgments to reflect conviction for a lesser-included offense by virtue of Rule 43.2(c) of the Texas Rules of Appellate Procedure: "The court of appeals may . . . reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered[.]" TEX. R. APP. P. 43.2(c); *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014). There is a comparable provision of general application—that governs this Court's disposition of the several classes of cases that come before it—found in Rule 78.1(c) of the Rules of Appellate Procedure: "The Court of Criminal Appeals may

. . . reverse the court's judgment in whole or in part and render the judgment that the lower court should have rendered[.]" TEX. R. APP. P. 78.1(c).

It can plausibly be argued that Rule 78.1(c) empowers this Court—and perhaps even *requires* it when appropriate—in disposing of post-conviction applications for writ of habeas corpus under Article 11.07, to modify the judgment of the convicting court to reflect conviction for the lesser-included offense, and remand it for a new punishment hearing, rather than to order a whole new trial. The Court errs to grant Applicant a whole new trial without first tackling this issue and resolving it.

**FILED:**                      May 25, 2022
**PUBLISH**